**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER C. TAYLOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 22-00474 |
| | : | |
| K N B'S INFLATABLES PLEASE, | : | |
| LLC, dba KNB INFLATABLES | : | |
| PLEASE and BOROUGH OF | : | |
| STATE COLLEGE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT, STATE COLLEGE BOROUGH'S**
**ANSWER TO PLAINTIFF'S COMPLAINT WITH**
**AFFIRMATIVE DEFENSES**

Defendant, State College Borough, incorrectly identified in the Complaint as "Borough of State College" (the "Borough"), by and through its undersigned attorneys, MacMain, Connell & Leinhauser, LLC, hereby answers Plaintiff, Christopher Taylor's Complaint as follows, denying each and every allegation set forth therein except as expressly admitted below.

1.     The Borough admits that this lawsuit purports to be brought pursuant to Title II and III of the Americans with Disabilities Act of 1990, as amended ("ADA"), and its implementing regulations. The Borough denies any liability to Plaintiff under Title II of the ADA or for any other reason. All other averments of

this paragraph are denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to any damages.

## Jurisdiction and Venue

2.      The Borough admits only that jurisdiction properly lies with this Court. The remaining averments of this paragraph are denied.

3.      Admitted.

## Parties

4.      Admitted upon information and belief.

5.      The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

6.      Admitted.

7.      Admitted.

## Alleged Facts

8.      Denied. The Borough is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied. The averments of this paragraph as to the ADA are denied as conclusions of law.

9.      Denied. The Borough is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied.

10.     Denied. The Borough is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied. The averments as to 28 C.F.R. § 36.104 are denied as conclusions of law.

11.     Admitted upon information and belief.

12.     The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

13.     The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

14.     The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

15.     The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

16.     Admitted upon information and belief.

17.     Denied. The Borough is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the same are therefore denied. By way of further response, during the Borough's interaction with Plaintiff, Plaintiff's dog was harnessed and leashed.

18.     Admitted upon information and belief.

19.     Admitted.

20.     Denied as stated. It is admitted that Plaintiff and Officer Amanda Estep discussed what transpired. It is denied Officer Estep told Plaintiff that she was not there to discuss or debate the issue. It is also denied that Officer Estep exhibited deliberate indifference to Plaintiff's protected status. To the contrary, Officer Estep listened to Plaintiff, empathized with him, and explained that the matter was a civil matter and that although she empathized with the situation, she could not force KNB Inflatables to let Plaintiff in with his dog. The interaction between Plaintiff and Officer Estep is captured on Officer Estep's body worn cameral video, a copy of which has been provided to Plaintiff. The remaining averments of this paragraph are denied as conclusions of law.

21.     Denied. By way of further response, at no time did Officer Estep state that if Plaintiff tried to enter the business again that he would be arrested and charged with trespass.

22.     It is admitted only that Plaintiff left. The Borough is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and the same are therefore denied.

23.     The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

**Alleged Causes of Action**

**Title III of the Americans with Disabilities Act –
Plaintiff v. Defendant K n B's Inflatables Please, LLC d/b/a
KNB Inflatables Please**

24.     The Borough incorporates its responses to the preceding paragraphs as if fully set forth herein.

25.     The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

     (a)     The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

     (b)     The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

     (c)     The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

     (d)     The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

     (e)     The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

26.     The averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

## **Prayer for Relief**

WHEREFORE, the averments of this paragraph are not directed to the Borough and, accordingly, they are denied.

      (a)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

      (b)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

      (c)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

      (d)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

      (e)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

      (f)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

      (g)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

      (h)    The averments of this subparagraph are not directed to the Borough and, accordingly, they are denied.

(i)      The averments of this subparagraph are not directed to the

Borough and, accordingly, they are denied.

**Title II of the Americans with Disabilities Act –**
**Plaintiff v. Defendant Borough of State College**

27.      The Borough incorporates its responses to the preceding paragraphs as

if fully set forth herein.

28.      Denied as conclusions of law.

29.      Denied as conclusions of law.

30.      Denied. It is denied that Officer Estep's interaction with Plaintiff was

in anyway discriminatory or reflective of a failure of the Borough to properly train

its officers. It is further denied that Office Estep threatened to arrest Plaintiff for

trespass if he attempted to re-enter the business. To the contrary, Officer Estep

listened to Plaintiff, empathized with him, and explained that the matter was not a

criminal matter and that she could not force KNB to allow Plaintiff to enter with

his dog. The remaining averments of this paragraph are denied as conclusions of

law.

31.      Denied as conclusions of law.

32.      Denied. It is denied that Officer Estep threatened Plaintiff with arrest

and/or acted as an extension of KNB Inflatables. The reaming averments of this

paragraph are denied as conclusions of law.

### **Prayer for Relief**

WHEREFORE, it is denied that Plaintiff is entitled to damages, as no viable claims exist. To the contrary, Defendant, the State College Borough respectfully requests this Honorable Court enter judgement in its favor and against Plaintiff, together with costs, and any further relief deemed appropriate by this Court.

(a)    Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(b)    Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(c)    Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(d)    Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(e)    Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(f)    Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(g)    Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(h)     Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

(i)     Denied as conclusions of law. By way of further response, the Borough denies Plaintiff is entitled to the relief sought in this subparagraph.

## Jury Trial Demanded

It is admitted that Plaintiff demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

The Borough reserves the right to assert any and all applicable defenses to Plaintiff's claims. To date, Defendant has not obtained any discovery from Plaintiff or from any other source in connection with this action and the Borough reserves the right to amend or otherwise supplement this pleading on this basis. Without limiting the generality of the foregoing and without regard for whether the defenses set forth below are affirmative defenses within the meaning of Fed.R.Civ.P. 8(c), and without conceding that any such defense must be set forth in their Answer, the Borough asserts as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted under Title II of the ADA

## SECOND AFFIRMATIVE DEFENSE

At no time did the Borough discriminate against the Plaintiff.

9

## THIRD AFFIRMATIVE DEFENSE

All or part of Plaintiff's Complaint is barred by the applicable statutory, administrative, and judicial limitations period and/or by his failure to comply with the statutory, administrative and judicial prerequisites to suit.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part or in whole by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no economic damages as a result of any actions or omissions by the Borough.

## SIXTH AFFIRMATIVE DEFENSE

The Borough acted in good faith and made all reasonable efforts to comply with all applicable law and did not act with deliberate indifference toward Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury or damages as a result of any improper acts or omissions of the Borough or its officers.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto, the Borough's actions were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law and were not in violation of Title II of the ADA.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to his own acts or omissions which are the proximate cause of and/or contributed to the loss and/or injuries alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because all of the Borough's actions or inactions concerning Plaintiff complied with all applicable laws and were based on legitimate, non-discriminatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff, the same being denied by the Borough, was a direct and proximate result of Plaintiff's and/or a third party's conduct over whom the Borough had no control.

## TWELFTH AFFIRMATIVE DEFENSE

No act or failure on the part of the Borough or any of its officers violated the Constitution or laws of the United States, including by not limited to, Title II of the Americans With Disabilities Act, and the Commonwealth of Pennsylvania.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the policies, practices, and training of Borough police officers were appropriate, adequate, and lawful and afforded to all citizens including in this instance, Plaintiff of all the rights, privileges and immunities

granted pursuant to the Constitution and the laws of the United States including by not limited to Title II of the Americans With Disabilities Act, and the Commonwealth of Pennsylvania.

### FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto was the Borough, or its officers, deliberately indifferent to the safety or rights of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Neither the Borough, nor any of its officers, acted willfully, nor intentionally committed any wrongful act causing injury or damage to the Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times, the Borough's polices, procedures, and training were appropriate, progressive, and lawful.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendant, State College Borough reserves the right to amend their Answer and to add additional or other affirmative defenses or special defenses or to delete or withdraw affirmative or special defenses as may become necessary.

WHEREFORE, Defendant, State College Borough respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, attorney's fees, and any further relief deemed appropriate by this Court.

**MacMain, Connell & Leinhauser, LLC**

Dated: <u>June 10, 2022</u>    By:   <u>*/s/ David J. MacMain*</u>
David J. MacMain
Laurie A. Fiore
PA Attorney I.D. Nos. 59320 / 81373
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendant, State College Borough*

13

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 10th day of June, 2022, the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the United States District Court for the Middle District of Pennsylvania. The following parties received notification of this filing via electronic filing notification:

Andrew R. Carson, Esq.
Bryant & Carson, P.C.
1901 E. College Avenue
State College, PA 16801
*Attorney for Plaintiff*

The following parties received notification of this filing via USPS First Class Mail:

K N B'S INFLATABLES PLEASE, LLC
d/b/a KNB INFLATABLES PLEASE
Keith Schulman
543 Lindbergh Way
Lewistown, PA 17044
*Pro Se Defendant*

**MacMain, Connell & Leinhauser, LLC**

Dated: June 10, 2022          By:    */s/ David J. MacMain*
                                     David J. MacMain
                                     PA Attorney I.D. No. 59320
                                     433 W. Market Street, Suite 200
                                     West Chester, PA 19382
                                     *Attorney for Defendant, State College Borough*