## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER C. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:22-cv-00474 |
| | ) RDM |
| vs. | ) |
| | ) |
| K N B's INFLATABLES PLEASE, | ) Electronically Filed |
| LLC, d/b/a KNB INFLATABLES | ) |
| PLEASE, and BOROUGH OF STATE | ) |
| COLLEGE, | ) |
| | ) |
| Defendants | ) |

## AMENDED CIVIL COMPLAINT

1.   The Plaintiff brings this action under Title II and Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), and its implementing regulations, as well as the Pennsylvania Human Relations Act ("PHRA"), against K n B's Inflatables Please, LLC d/b/a KNB Inflatables Please, and the Borough of State College.

### Jurisdiction and Venue

2.   The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. § 12188(b)(2).  This Honorable Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff filed a claim of discrimination against the defendants with the Pennsylvania Human Relations Commission and received a case closure letter from the PHRC on July 29, 2022.  Plaintiff has exhausted his administrative remedies and this action is timely filed.

3.  Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant's are located in this District and the acts of discrimination occurred in this District.

### Parties

4.  The Plaintiff is the Christopher C. Taylor, an adult person with an address of 152 Mulbarger Lane, Bellefonte, Pennsylvania 16823.

5.  Defendant K n B's Inflatables Please, LLC d/b/a KNB Inflatables Please is a private business formed in Pennsylvania. Defendant K n B's Inflatables Please, LLC owns and operates KNB Inflatables Please at the Nittany Mall in State College, Pennsylvania, a business that provides "bounce house" rentals and indoor family recreation. According to the limited liability company formation documents, its principal business office is located at 5967 U.S. Highway 522, McVeytown, Pennsylvania 17051. Its store in State College, Pennsylvania, where the acts of discrimination occurred, is located at 901 East College Avenue, Suite 710, State College, Pennsylvania 16801.

6. Defendant Borough of State College is a municipality incorporated under Title 53 of Pennsylvania's Consolidated Statutes, and its principal office is located at 243 South Allen Street, Room 324, State College, Pennsylvania 16801.

7. The State College Borough Police Department, located at 243 South Allen Street, Suite 337, State College, Pennsylvania 16801, operates under the charter and auspices of the Borough of State College.

## Facts

8. Christopher Taylor, as of this complaint, 70 years old, born in 1951. He is an individual with a handicap or disability within the meaning of the ADA and the PHRA. Mr. Taylor has, among other ailments, osteoarthritis/degenerative joint disease throughout most of his body, which substantially limit one of more major life activities, including, but not limited to, performing manual tasks, walking, standing, lifting, and bending.

9. A United States Army combat veteran of the Vietnam War, Mr. Taylor also has 100% service-connected disability as determined by the Department of Veterans Affairs.

10. Due to the foregoing disabilities, Mr. Taylor uses a dog, a yellow lab named "Zeke", that is trained to perform tasks directly related to his disabilities, including providing him with physical support, assisting him with balance and stability, picking up and retrieving items for him, and calming Mr. Taylor. Mr.

Taylor's dog is a service and support animal within the meaning 28 C.F.R. § 36.104 and the PHRA.  Defendants are persons as defined by the PHRA.

11.  On or about February 13, 2022, Mr. Taylor, accompanied by his wife, Susan Taylor, his daughter, Kristie Woodcock, his son-in-law, Joshua Woodcock, and his grandson, F.W., went to KBN Inflatables' location at the Nittany Mall in State College.

12.  The group purchased tickets for admission, but shortly after entering the facility, an employee/manager at KNB Inflatables confronted Mr. Taylor about his service animal. The identity of the employee/manager is unknown in the absence of discovery.

13.  Said employee/manager at KNB Inflatables told Mr. Taylor that he had to leave the business, claiming that the business' insurance did not provide coverage for dogs on the premises. She further explained that other patrons of the business might have allergies, which would be triggered/aggravated by the dog's presence.

14.  Mr. Taylor explained to the employee/manager that Zeke was his service animal, and he even went so far as to try to show the employee/manager documentation to that effect despite not being require to do so by law.

15.  The employee/manager at KNB Inflatables still refused Mr. Taylor's entry to the business, and she threatened to call the police if he did not leave.

16. Mr. Taylor's family witnessed the entire exchange, and his grandson, F.W., became very upset.

17. Mr. Taylor was polite and civil during the entire interaction, and Zeke was well behaved and at no time unruly or disruptive. Zeke was harnessed and leashed.

18. Mr. Taylor left the business and approached Nittany Mall security personnel about the situation and requested the police be contacted.

19. Subsequently, Officer Amanda Estep arrived at the mall and made contact with Mr. Taylor.

20. Mr. Taylor attempted to explain what had transpired with the employee/manager at KNB Inflatables, and that he was disabled and required the assistance of his service animal; however, Officer Estep told Mr. Taylor that she was not here to discuss or debate the issues, thus exhibiting deliberate indifference to Mr. Taylor's protected status.

21. Office Estep told Mr. Taylor that the business had the right to exclude people from its premises for any reason, and that if he tried to enter the business again he would be arrested and charged with trespass.

22. Mr. Taylor chose not to press the issue, and he and his family left, humiliated. His grandson, F.W., was very upset and crying.

23. During Mr. Taylor's interaction with Officer Estep, Mr. Taylor observed the employee/manager at KNB Inflatables standing inside the store watching the

interaction with a smile on her face, apparently taking satisfaction in the police

enforcing her refusal of Mr. Taylor's entry into the business.

### Causes of Action

### Title III of the Americans with Disabilities Act-
### Plaintiff v. Defendant K n B's Inflatables Please, LLC d/b/a KNB Inflatables Please

24.  The allegations contained in the preceding paragraphs are incorporated by

reference.

25.  Defendant, through its conduct alleged herein, discriminated against Mr.

Taylor and his family on the basis of Mr. Taylor's disability and need of a service

animal in the full and equal enjoyment of Defendant's services, facilities,

privileges, advantages, and accommodations, in violation of 42 U.S.C. § 12182,

and its implementing regulations at 28 C.F.R. Part 36. Defendant's violations of

Title III include, but are not necessarily limited to:

   a.  Excluding Mr. Taylor from a place of public accommodation and denying

him full and equal enjoyment of the "goods, services, facilities, privileges,

advantages, [and] accommodations" of that public accommodation in violation of

42 U.S.C. § 12182(a); 28 C.F.R. §36.201(a);

   b.  Denying Mr. Taylor the opportunity to participate in or benefit from the

goods, services, facilities, privileges, advantages, or accommodations of the place

of public accommodation in violation of 42 U.S.C § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a).

c.  Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford Defendant's goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 42 U.S.C § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302;

d.  Failing or refusing to modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability in violation of 28 C.F.R. § 36.302(c)(1).

e.  Excluding or otherwise denying equal goods, services, facilities, and accommodations to Mrs. Taylor and their children because of their association with Mr. Taylor, who Defendant knew to have a disability, in violation of 42 U.S.C. § 12182(b)(1)(E); 28 C.F.R. § 36.205.

26.  As a direct and proximate result of Defendant's conduct in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. pt. 36, Mr. Taylor sustained damaged, was harmed, and is an aggrieved person.

## **Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court grant the following relief:

a.      Grant judgement in favor of the Plaintiff and declare that the discriminatory actions, practices, and policies of Defendant as set forth above, violate Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulations, 28 C.F.R. Part 36;

b.      Enjoin Defendant, its officers, agents, employees, and all other persons in active concert or participation with Defendant, from discriminating on the basis of disability against Mr. Taylor and his family, other individuals with disabilities, and other individuals related to or associated with an individual with a disability in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

c.      Order Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant to adopt and implement a policy of nondiscrimination against persons with disabilities, including persons who use service animals, and to make reasonable modification to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations are afforded to individuals with disabilities, including those who use service animals, where such modifications do not result in a fundamental alteration;

d.      Order Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with Defendant who have contact

with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities;

e.    Order Defendant to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's discriminatory conduct to the position that he or she would have been in but for Defendant's conduct;

f.    Award monetary damages to Mr. Taylor and any other aggrieved persons, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt.36;

g.    Assess a civil penalty against Defendant as authorized by 42 U.S.C. § 12188(b)(2)(c) in an amount sufficient to vindicate the public interest;

h.    Award attorney fees and the cost of suit; and

i.    Order such other appropriate relief as the interests of justice may require.

### Title II of the Americans with Disabilities Act – Plaintiff v. Defendant Borough of State College

27.    The allegations contained in the preceding paragraphs are incorporated by reference.

28. Title II of the ADA applies to public entities. An ADA violation occurs if and when a disabled individual is "excluded from participation in" or is "subjected to discrimination by any such entity."

29. A municipality's failure to train its police is actionable where that failure leads directly to a denial of a needed accommodation or improper discrimination.

30. In this case, as exhibited by Officer Estep's interaction with Mr. Taylor, refusing to listen to explanation, incorrectly information him that KNB Inflatables had the right to exclude him from the business, and threatening to arrest him for trespass if he attempted to enter the business again, the Defendant has clearly failed to train its officers on the rights of citizens under the Americans with Disabilities Act, which has proximately caused the violation of Mr. Taylor's rights alleged, herein.

31. Title II requires such training when it is necessary to avoid discriminating against persons with disabilities, including citizens interacting with the police who are ostensibly enforcing the law.

32. The police essentially acted as an extension of KNB Inflatables in refusing Mr. Taylor's access to the business under threat of arrest, in clear violation of his rights under the Americans with Disabilities Act. Legally speaking, the Defendant's actions, acting through its police department, are no different than

threatening to arrest a person of color for lawfully attempting to enter a business.

Times have changed, and so must the Defendant's policies.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court grant the following relief:

a.        Grant judgment in favor of the Plaintiff and declare that the discriminatory actions, practices, and policies of Defendant as set forth above, violate Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

b.        Enjoin Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant, from discriminating on the basis of disability against Mr. Taylor and his family, other individuals with disabilities, and other individuals related to or associated with an individual with a disability in violation of Title II of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.C. Part 36;

c.        Order Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant to adopt and implement a policy of nondiscrimination against persons with disabilities, including persons who use service animals, and to make reasonable modifications to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations are afforded to individuals with disabilities,

including those who use service animals, where such modifications do not result in fundamental alteration;

d.      Order Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities;

e.      Order Defendant to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's discriminatory conduct to the position that he or she would have been in but for Defendant's conduct;

f.      Award monetary damages to Mr. Taylor and any other aggrieved persons, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title II of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36;

g.      Assess a civil penalty against Defendant as authorized by 42 U.S.C. § 12188(b)(2)(c) in an amount sufficient to vindicate the public interest;

h.      Award attorney fees and the cost of suit; and

i.      Order such other appropriate relief as the interests of justice may require.

## PHRA VIOLATIONS
## Plaintiff v. Defendants

33.    The allegations contained in the preceding paragraphs are incorporated by reference.

34.    Pursuant to Section 952 of the PHRA, Plaintiff had a civil right to obtain all of the accommodations, advantages, privileges, and access to KNB Inflatables' public accommodation without discrimination because of the use of his support animal as a result of his disabilities described herein.

35.    Defendant KNB Inflatables violated the PHRA by denying Plaintiff access to its public accommodation because he was accompanied by his support animal.

36.    KNB Inflatables also violated section 7325 of the Pennsylvania Crimes Code by discriminating against plaintiff on account of the use of his service or support dog.

37.    Defendant Borough of State College violated the PHRA by discriminating against Plaintiff who opposed KNB Inflatables' illegal actions as described herein. The Borough also aided and abetted KNB Inflatables in its discrimination and directly and indirectly discriminating against Plaintiff by threatening Plaintiff with arrest if he attempted to enter KNB Inflatables' public accommodation with his support animal.

38.    Defendants' actions described herein constitute disability discrimination in violation of the PHRA.

39.    Defendants' unlawful discrimination caused Plaintiff to suffer non-economic damages including emotional distress, mental anguish, embarrassment, humiliation, and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, non-economic damages, attorneys' fees and costs, and such other relief as the Court may deem just and proper under the circumstances

### Jury Trial Demand

The Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted by:

Bordas and Bordas, PLLC


__s/Thomas B. Anderson_____

Thomas B. Anderson, Esquire
PA I.D. No. 79990

Bordas and Bordas, PLLC
One Gateway Center
420 Fort Duquesne Blvd, Suite 1800
Pittsburgh, PA 15222
(412) 502-5000
(412) 709-6343 (fax)
tanderson@bordaslaw.com

Counsel for the Plaintiff