IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER C. TAYLOR, **Plaintiff** | No. 4:22cv474 |
| v. | (Judge Munley) |
| K N B's INFLATABLES PLEASE, LLC, d/b/a KNB INFLATABLES PLEASE, **Defendant** | |

## MEMORANDUM ORDER

Plaintiff Christopher C. Taylor experienced discrimination at a mall-based playground business because of his service dog, Zeke, after his grandson and the rest of his family had already been permitted entry. A patrol officer from the State College Borough Police Department arrived to hear Taylor's side of the story and deescalate the situation. In doing so, the officer advised Taylor of his right to proceed in a court of law pursuant to the Americans with Disabilities Act ("ADA"). She also spoke with him about taking measures against the business in the court of public opinion.

The owners told the officer that their insurance company would not allow dogs near their inflatable bounce houses. Under Pennsylvania law, it is a summary offense for a proprietor, manager, or employee of a place of public accommodation, entertainment, or amusement to deny access to an individual with a disability using a service dog. 18 PA. CONS. STAT. § 7325(a). The officer,

however, did not cite the owners for precluding Taylor and Zeke from the business. She advised them, like she did with Taylor, that the incident would be documented in a police report.

Taylor subsequently pursued disability discrimination claims against the business, Defendant KNB Inflatables Please, LLC ("KNB"), under Title III of the ADA and the Pennsylvania Human Relations Act ("PHRA"). He also pursued claims against State College Borough under Title II of the ADA and the PHRA based on the conduct of the responding police officer. After a period of discovery, the court granted State College Borough's motion for summary judgment. (Docs. 51–53).

As for KNB, its business failed. The entity eventually started ignoring this litigation and neglected to respond to an amended complaint. Subsequently, Taylor obtained an entry of default against KNB from the Clerk of Court. (Doc. 33). The court then granted Taylor's motion for default judgment against KNB, and, after a hearing, awarded judgment in his favor in the amount of $25,000 for his PHRA claim. (Docs. 67–69).

Thereafter, Taylor's counsel filed a motion for attorney's fees, which is pending before the court. (Doc. 72). The motion seeks attorney's fees in the amount of $50,742.50 and costs in the amount of $4,157.53. Id.

The remedies afforded by the PHRA are broad. See 43 PA. STAT. § 962(a), (c)(3), (c.2). For the reasons discussed below, these remedies are not broad enough to justify the award of attorney's fees for unsuccessful claims. Furthermore, as an additional consideration, counsel's hourly rate was reduced earlier this year in the Williamsport vicinage by the Honorable Matthew W. Brann, Chief Judge of this district. Like Judge Brann, the court will reduce counsel's hourly rate but with a caveat.

**The Guiding Principles** – Courts in the Third Circuit assess requests for attorneys' fees by using the lodestar formula. In re: S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 773 (3d Cir. 2019). That is, a court determines the reasonable fee "by multiplying the number of hours...reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." Id. (cleaned up). The lodestar is presumed to be the reasonable fee. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).

The party seeking attorney's fees bears the burden of proving the reasonableness of their request. Id.; see also Blum, 465 U.S. at 895 n.11 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own

3

affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

In this matter, default judgment has already been entered against KNB for its failure to participate in the legal process. Generally, in these circumstances, "[t]he court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 711 (3d Cir. 2005), as amended (Nov. 10, 2005). On the other hand, courts maintain "an active and affirmative function in the fee-fixing process," extending beyond a passive acceptance of submitted requests. Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). A court is not obligated to endorse an inappropriate order simply due to a lack of objection from a defaulting party. See McKenna v. City of Philadelphia, 582 F.3d 447, 459, n.13 (3d Cir. 2009) ("Nevertheless it should not be overlooked that the awarding of an attorney's fee is a judicial action and, regardless of the parties' indifference to it, a court need not lend its *imprimatur* to an inappropriate order merely because there was no objection to its entry.") (citation omitted). Furthermore, a court may *sua sponte* reduce requested fees concerning matters within the judge's personal knowledge. Young v. Smith, 905 F.3d 229, 234 (3d Cir. 2018).

**Reasonable Hourly Rate** – An attorney's reasonable hourly rate is the prevailing rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Clemens, 903 F.3d at 402 (citations omitted). In most cases, "the relevant rate is the prevailing rate in the forum of the litigation." Interfaith Cmty. Org., 426 F.3d at 705.

Here, plaintiff's counsel, Thomas B. Anderson, Esq., advances that an hourly rate of $600.00 is reasonable. (Doc. 73, Br. in Supp. at 4). He argues that "there is no reason for the court to adjust the requested rate." Id.

If an attorney's skill and reputation are measured by seven- and eight-figure verdicts, Attorney Anderson makes a very compelling argument for his hourly rate. (Doc. 73, Aff. in Supp., at ECF p. 11–14). For example, he helped obtain a noteworthy jury award for a plaintiff who proved that she experienced a racially hostile work environment. See Holmes v. Am. HomePatient, Inc., No. 4:21-CV-01683, 2024 WL 4112654, at *1–6 (M.D. Pa. Sept. 6, 2024) (recounting the testimony and evidence). After hearing all the evidence, a jury sitting in Williamsport awarded that plaintiff $500,000 in compensatory damages and $20,000,000 in punitive damages. Id. at *7.

In a detailed opinion ruling upon a contested motion for attorney's fees, Judge Brann reduced Attorney Anderson's rate to $375.00 per hour, the maximum he would award in the Williamsport vicinage for experienced attorneys.

Holmes v. Am. HomePatient, Inc., No. 4:21-CV-01683, 2025 WL 321829, at *9–10 (M.D. Pa. Jan. 28, 2025).

This matter is a Williamsport location case. Upon review of Holmes, there is no reason to disturb the analysis of the Chief Judge. Attorney Anderson's hourly rate will be reduced to align with the rates awarded by other judges in the Middle District of Pennsylvania.

But every case is different. In this particular case, Taylor's first attorney stopped representing him four months into this lawsuit. (Doc. 11, Notice of Appearance; Doc. 44–1, Pl. Dep. 46:12–48:13). But for counsel's later involvement, it appears that the plaintiff would have proceeded in this matter pro se. Lawyers like Attorney Anderson should not be discouraged from taking cases like this one in the Middle District of Pennsylvania.[1] See 42 U.S.C. § 12101 (listing the Congressional findings and purpose of the ADA);

The court will, in its discretion, approve a rate of $400.00 per hour to Attorney Anderson as a reasonable hourly rate given his skill and experience. Although the analysis in Holmes did not specifically address situations where a Williamsport location case is assigned to a judge in Scranton, Judge Brann noted the difference between rates in Williamsport versus the rates in the larger

---

[1] It is fair to assume that business-minded lawyers would refuse this case. Specifically, Taylor's damages were limited because, as observed first-hand, Zeke is a well-trained working dog that mitigated the plaintiff's disabilities.

markets like Scranton/Wilkes-Barre and Harrisburg. 2025 WL 321829, at *9. Taylor's matter has always been assigned to a judge sitting in Scranton. All proceedings occurred here in this vicinage. Under the circumstances, the court believes that the above hourly rate is an appropriate way to harmonize the rates contemplated in Holmes and the reasonable rates charged by skilled, experienced lawyers in the Scranton/Wilkes-Barre market.

The lodestar will thus be calculated using a $400.00 hourly rate.

**Reasonable Hours Worked** – During a review of a motion for attorney's fees, the district court is obligated to exclude hours that were not reasonably expended, including those that are excessive, redundant, or otherwise unnecessary. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). As a result, time entries must be sufficiently specific to enable the court to assess the reasonableness of the hours claimed for the work performed. Washington v. Phila. Cnty. Ct. of Com. Pl., 89 F.3d 1031, 1037 (3d Cir. 1996). Furthermore, the Third Circuit has emphasized the necessity for district courts to meticulously review billing records, requiring a "line, by line, by line" examination. Interfaith Cmty. Org., 426 F.3d at 713 (citation omitted).

In this case, there were not many lines to review. However, many of the time entries reflect the work Attorney Anderson performed to pursue claims against State College Borough. Under the law:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Hensley, 461 U.S. at 440; see also Rode, 892 F.2d at 1183.

Based upon these well-established principles, the time entries for claims against State College Borough will be stricken or reduced so that counsel only recovers a fee for work performed to further claims against Defendant KNB.[2] The number of hours worked will be reduced from 84.3 hours to 67.4 hours. The court's redlining is appended to this order.

**The Lodestar Calculation** – Here, the calculation is as follows: 67.4 hours × $400.00/hour = $26,960.00. The court will award $26,960.00 in attorney's fees to plaintiff's counsel – similar to the damages awarded to the plaintiff himself.

**Costs** – Counsel also seeks costs in the amount of $4,157.53 for online research fees, deposition-related services, and travel expenses for the default judgment hearing. (Doc. 23-3). Noting the lack of opposition, the court will also

---

[2] After review, the court will accept the hours billed for the depositions of borough witnesses since those depositions were partly relevant to a determination of Taylor's damages from KNB's conduct.

amend the judgment to include these costs and expenses. As for parsing expenses related to successful claims and unsuccessful claims, the research provided to the court regarding service dogs and the ADA and PHRA was relevant to a discussion of the successful motion for default judgment against KNB although it was initially advanced to oppose the motion for summary judgment from the municipality. And although the depositions included police officers from State College Borough, these witnesses interacted with Taylor and their testimony was reviewed by the court in considering the plaintiff's damages from KNB's default. Consequently, all of counsel's expenditures in this case will be awarded. The court will allocate some of the expenditures as taxable costs pursuant to 28 U.S.C. § 1920 and some as litigation expenses under 42 U.S.C. § 12205.

Accordingly, after the court's review of the motion and for the reasons set forth above, it is hereby **ORDERED** that:

1) Plaintiff's motion for attorney's fees, (Doc. 72), is **GRANTED** in part; and

2) The Clerk of Court is directed to enter an amended judgment to include $26,960 in attorney's fees, $1,933.80 in taxable costs under 28 U.S.C. § 1920 and $2,223.73 in litigation expenses pursuant to 42 U.S.C. § 12205.

Date: 12/30/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

| Date | Attorney | Narrative | Hours |
|---|---|---|---|
| 7/06/2022 | TBA | Telephone call with plaintiff re suit and representation | 1.00 |
| 7/07/2022 | TBA | Prepare appearance; correspondence with KnB Inflatables re waiver and answer | .40 |
| 7/07/2022 | TBA | Call with client re facts and case strategy; analyze issues re: liability and claims | 3.00 |
| 7/7/2022 | TBA | Correspondence with counsel for Borough re; appearance and video; correspondence with client regarding fee agreement and file materials | .40 |
| 7/7/2022 | TBA | Correspondence with Borough counsel re: video | .20 |
| 8/17/2022 | TBA | Prepare Interrogatories and Request for Production of Documents | 1.30 |
| 9/21/2022 | TBA | Prepare for case management conference; attend case management conference | .60 |
| 10/20/2022 | TBA | Research re: representation of LLC by owner; analyze issues re: mediation and motion to strike answer; correspondence with counsel and Schulman re: motion to strike; telephone call with Neely re: mediation | 1.40 |
| 10/27/2022 | TBA | Telephone conference with mediator re: mediation and KnB representation | .50 |
| 11/02/2022 | TBA | Telephone call from Court re: mediation | .20 |
| 03/29/2023 | TBA | Prepare renewed motion for default, leave to amend, and supporting brief | 2.50 |
| 03/29/2023 | TBA | Review and analyze court order re letter and strategy re same | .40 |
| 03/30/2023 | TBA | Supplement motion, brief, and letter to judge mariani | 2.00 |
| 04/19/2023 | TBA | Review court order re striking answer and amending complaint | .20 |
| 04/19/2023 | TBA | Analyze issues re local rules and amendment of pleadings in middle district | .30 |
| 04/19/2023 | TBA | Research re PHRA claims and allegations to amend complaint | 1.50 |
| 04/20/2023 | TBA | Prepare amended complaint | 1.00 |
| 04/20/2023 | TBA | Prepare motion for leave to amend, amended pleadings per local rule and supporting brief | 2.00 |
| 04/20/2023 | TBA | Analyze issues re: default and strategy re judgments against defendants | 1.00 |
| 04/20/2023 | TBA | Analyze issues re: damages | 1.00 |
| 04/21/2023 | TBA | Jury verdict research re service animal cases | 1.00 |

EXHIBIT A

| | | | |
|---|---|---|---|
| 06/05/2023 | TBA | Prepare documents re default request | .50 |
| 06/05/2023 | TBA | Prepare brief in support of motion for default judgment | 6.50 |
| 06/06/2023 | TBA | Analyze issues re discovery | .30 |
| 06/06/2023 | TBA | Prepare motion for default judgment and brief in support | 2.00 |
| 06/20/2023 | TBA | Check docket re: request for entry of default | .20 |
| 06/22/2023 | TBA | Prepare motion, brief, and default judgment filings | 4.00 |
| 09/15/2023 | TBA | Review proposed court order, prepare certificate of service and letter to KNB re: same | .50 |
| 09/15/2023 | TBA | Correspondence with counsel re depositions of borough witnesses | .30 |
| 10/10/2023 | TBA | Prepare case status memo | .20 |
| 11/02/2023 | TBA | Analyze issues re depositions and exhibits | .30 |
| 11/02/2023 | TBA | Prepare notice of deposition of corporate rep of borough of state college | .40 |
| 11/02/2023 | TBA | Prepare for deposition of officer Estep | 2.70 |
| 11/28/2023 | TBA | Prepare for depositions of plaintiffs and defense witnesses | 2.00 |
| 11/28/2023 | TBA | Phone call with plaintiff and Susan re depositions | .50 |
| 11/28/2023 | TBA | Deposition of Chris Taylor | 1.00 |
| 11/28/2023 | TBA | Deposition of Susan Taylor | 1.00 |
| 11/28/2023 | TBA | Deposition of Officer Estep | 1.00 |
| 11/28/2023 | TBA | Deposition of corporate rep of Borough Police | 1.00 |
| 11/29/2023 | TBA | Phone call with client re depositions and analysis of testimony | .60 |
| ~~11/29/2023~~ | ~~TBA~~ | ~~Prepare second set of discovery to Borough of State College~~ | ~~1.00~~ |
| ~~11/29/2023~~ | ~~TBA~~ | ~~Correspondence with counsel re: second set of discovery~~ | ~~.20~~ |
| 12/06/2023 | TBA | Prepare motion for case management conference | .70 |
| 12/07/2023 | TBA | Review case management order and direct follow up re: same | .20 |
| 12/07/2023 | TBA | Correspondence with client re: case management order | .20 |
| ~~12/07/2023~~ | ~~TBA~~ | ~~Research re potential expert witnesses~~ | ~~.50~~ |
| ~~12/07/2023~~ | ~~TBA~~ | ~~Correspondence with potential expert in police procedure re: review~~ | ~~.20~~ |
| ~~12/07/2023~~ | ~~TBA~~ | ~~Correspondence with potential expert re review~~ | ~~.20~~ |
| ~~12/11/2023~~ | ~~TBA~~ | ~~Research re: aiding and abetting claims~~ | ~~1.00~~ |
| ~~12/14/2023~~ | ~~TBA~~ | ~~Analyze issues re: expert review~~ | ~~.40~~ |

| Date | Attorney | Description | Hours |
|---|---|---|---|
| ~~12/19/2023~~ | ~~TBA~~ | ~~Matters re: expert review of conduct of police~~ | ~~.30~~ |
| ~~02/13/2024~~ | ~~TBA~~ | ~~Prepare memo re: case status and expert report~~ | ~~.30~~ |
| ~~04/26/2024~~ | ~~TBA~~ | ~~Prepare brief in opposition to Motion for Summary Judgment~~ | ~~8.00~~ |
| ~~04/25/2024~~ | ~~TBA~~ | ~~Prepare answer and counter statement of material facts precluding summary judgment~~ | ~~4.00~~ |
| 09/05/2024 | TBA | Phone call from plaintiff re: case status and next steps | .40 |
| 09/18/2024 | TBA | Review court order re default judgment denial | .30 |
| ~~02/26/2025~~ | ~~CJD~~ | ~~Reviewing the Summary Judgement Order~~ | ~~.50~~ |
| ~~02/26/2025~~ | ~~TBA~~ | ~~Review and analyze opinion and order re: summary judgment for Borough~~ | ~~1.30~~ |
| 02/26/2025 | TBA | Telephone call with client re: summary judgment and default | .40 |
| 02/26/2025 | TBA | Prepare renewed motion for default judgment, brief in support and order of court | 2.20 |
| 04/14/2025 | TBA | Prepare pre-hearing memorandum re: default | 1.50 |
| 04/14/2025 | TBA | Prepare for default hearing | 3.50 |
| 04/15/2025 | TBA | Meeting with client re: preparation for default hearing | 1.00 |
| 04/22/2025 | TBA | Travel re: hearing on default judgment damages | 9.30 |
| 04/22/2025 | TBA | Hearing on default judgment damages | .60 |
| | | **TOTAL:** | ~~84.80~~ |

**67.40**